**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**DUBLIN DIVISION**

| | | |
|---|---|---|
| BRANDON HAYNES, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CV 326-024 |
| | * | |
| KOMOLA EDWARDS; ANTOINE CALDWELL; SEAN GITTENS; JOHN MOORE; TIMOTHY PHILLIPS; ANGIE PITTMAN; MARK SMITH; and WOODROW TRIPP, each in their individual and official capacities; and GEORGIA DEPARTMENT OF CORRECTIONS, | * | |
| | * | |
| Defendants. | * | |

**O R D E R**

On August 18, 2025, Plaintiff Brandon Haynes, proceeding *pro se*, initiated this civil case. Plaintiff is a former correctional officer at Johnson State Prison, an entity within the Georgia Department of Corrections ("GDOC"). Plaintiff names his former employer GDOC and eight individual Defendants, all acting under color of state law, alleging that they "knowingly and recklessly" caused his wrongful arrest and prosecution without probable cause in 2018 and again in 2023. The Complaint invokes the Court's federal question jurisdiction under 42 U.S.C. § 1983 and includes a claim of malicious prosecution (Count 1) and a claim for violation of due process based upon suspension of his POST-certification (Count 4). Plaintiff also asserts two state law

tort claims for malicious prosecution (Count 2) and defamation (Count 3). Plaintiff collectively names all "Defendants" in each count. Defendants are not otherwise identified by position or individual conduct as it relates to Plaintiff's claims.

On October 28, 2025, Defendants moved to dismiss the complaint on several grounds. Plaintiff filed a responsive brief. Rather than rule on the motion to dismiss, the Honorable Lisa G. Wood transferred the case from the Savannah Division to the Dublin Division. The case was then assigned to the undersigned judge. On September 14, 2026, the Court conducted a joint hearing on the motion to dismiss in this case and in five other cases pending in the Dublin Division involving similar defendants and operative facts. Recognizing that the case is in a different procedural posture than four of the related cases, the Court must address the motion to dismiss the original complaint in this case.

Defendants first move to dismiss for insufficient service of process. Second, Defendants move to dismiss the federal claims against GDOC and the state officers in their official capacities as barred by the Eleventh Amendment and because they are not "persons" subject to suit under § 1983. Third, Defendants move to dismiss the federal claims against the state officers in their individual capacities for failure to state a claim upon which relief can be granted. Finally, Defendants move to dismiss the state law claims as barred by the doctrine of sovereign immunity.

**A. Motion to Dismiss for Insufficient Service of Process**

In their briefs supporting the motion to dismiss, Defendants Komola Edwards, Mark Smith, John Moore, Angie Pittman, and Woodrow Tripp claim that they were only served with a summons but not a complaint. Defendants Antoine Caldwell, Sean Gittens, and Timothy Phillips claim that they have not been served with a summons or a complaint. The docket of the case does not show proof of service with respect to any Defendant.

Federal Rule of Civil Procedure 4(m) allows for an extension of time within which to serve process. The Court intends to provide a short extension of time for service of process as explained in the conclusion and therefore **DENIES** the motion to dismiss unserved Defendants.

**B. Motion to Dismiss Federal Claims**

The Eleventh Amendment bars suit in federal court by private citizens against States and arms of the State absent a waiver of immunity by the State. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984) ("[A]n unconsenting State is immune from suits brought in federal courts by her own citizens as well as citizens of another [S]tate."); Stevens v. Gay, 864 F.2d 113, 114 (11th Cir. 1989) ("The Eleventh Amendment bars suits against the State in federal court unless the state consents or waives its immunity."). Eleventh Amendment immunity extends to

suits for monetary damages against officers or employees of the State or its agencies in their official capacities. Edelman v. Jordan, 415 U.S. 651 (1974); see also Merritt v. Thomas, 2021 WL 5474461, at *4 (M.D. Ga. Sept. 23, 2021) (dismissing with prejudice plaintiff's malicious prosecution claim against state official in his official capacity under the Eleventh Amendment). Accordingly, Plaintiff's claims against the GDOC and the individual Defendants in their official capacities are barred by the Eleventh Amendment. Plaintiff's § 1983 claims against the GDOC and Defendants in their official capacities are **DISMISSED** with prejudice.

"The Eleventh Amendment does not protect state employees sued in their individual capacity for employment-related acts." Jackson v. Ga. Dep't of Transp., 16 F.3d 1573, 1575 (11th Cir. 1994). Defendants contend, however, that the § 1983 claims against the individual Defendants in their individual capacities should be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

The Complaint contains only a few instances in which Plaintiff specifies an act or omission of an individual Defendant by name. Then, in Count 1 – the § 1983 malicious prosecution claim – Plaintiff simply states: "Defendants, acting under color of state law, wrongfully initiated and continued Plaintiff's criminal prosecution without probable cause." (Doc. 1, ¶ 26.) In Count 4 – the due process claim – Plaintiff only states: "Defendants

deprived Plaintiff of a protected liberty and property interest without due process, specifically by continuing his POST certification suspension despite the dismissal of charges." (Id. ¶ 34.) There is little factual development of Plaintiff's claims. Broad assertions of collective wrongdoing will not suffice. Accordingly, Defendants move to dismiss the federal claims for failure to state a claim under Rule 12(b)(6).

To survive a Rule 12(b)(6) motion, a complaint must satisfy the Iqbal/Twombly standard provided by the United States Supreme Court in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Pursuant to the Iqbal/Twombly paradigm, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). To be plausible, the complaint must contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct." Id. at 679; GeorgiaCarry.Org, Inc. v. Georgia, 687 F.3d 1244, 1254 (11th Cir. 2012) (stating that a plaintiff must necessarily "include factual allegations for each essential element of his or her claim"). As the Supreme Court stated in Iqbal:

> A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."

56 U.S. at 678 (citations to Twombly omitted). Stated another way, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Plaintiff's Complaint utterly fails to satisfy this standard.

That said, the pleadings of a *pro se* plaintiff "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." Thomas v. Pentagon Fed. Credit Union, 393 F. App'x 635, 637 (11th Cir. 2010). In recognition of his *pro se* status, however, the Court will give Plaintiff one more opportunity to amend his complaint.

That said, Plaintiff may only plead the federal cause of action for malicious prosecution. Plaintiff's Fourteenth Amendment substantive due process claim in Count 4 must be dismissed because the criminal charges against him were dismissed prior to trial. See Thornton v. Limestone Cnty. Bd. of Educ., 2026 WL 353623 (N.D. Ala. Feb. 26, 2026); Lott v. City of Ocala, 2026 WL 2491685, at *5 (M.D. Fla. Aug. 25, 2026) (dismissing a fabrication-of-evidence claim under the Fourteenth Amendment because the charges against the plaintiff had been dismissed). Because a Fourteenth Amendment claim is not viable under the facts

of this case, it would be futile for Plaintiff to include this claim in his Amended Complaint.

**C. Motion to Dismiss State Law Claims**

The Georgia Constitution provides sovereign immunity to Georgia's departments and agencies and explicitly provides that this immunity can only be waived by an act of the Georgia legislature. Ga. Const. of 1983, art. 1, § II, ¶ IX(e). Moreover, as employees of a state entity to which sovereign immunity extends, any claim against the individual Defendants in this case is barred unless expressly waived.

The Georgia Legislature enacted the Georgia Tort Claims Act ("GTCA") in 1992 as a waiver of the state's sovereign immunity for various tort claims. O.C.G.A. § 50-21-20 *et seq.* However, under the GTCA, "[a] state officer or employee who commits a tort while acting within the scope of his or her official duties or employment is not subject to lawsuit or liability therefor." O.C.G.A. § 50-21-25(a). Rather, a plaintiff must name the state government entity for which the state officers or employees were acting. O.C.G.A. § 50-21-25(b). In other words, in this case, the proper party defendant for tort claims against individual state officers or employees is the state agency for which they worked. Yet, even then the GTCA expressly provides that the waiver of sovereign immunity does not apply to state law tort actions *in federal court*.

O.C.G.A. § 50-21-23(b) ("The state waives its sovereign immunity only to the extent and in the manner provided in [the GTCA] and only with respect to actions brought in the courts of the State of Georgia."); see also Smith v. Hatcher, 516 F. Supp. 3d 1369, 1379 (S.D. Ga. 2021 (Wood, J.) (holding that the GTCA does not waive sovereign immunity with respect to actions brought in federal court).

Also, the GTCA provides thirteen exceptions that limit the waiver of sovereign immunity, including liability caused by malicious prosecution and defamation. See O.C.G.A. § 50-21-24(7).[1] Thus, there is no waiver of sovereign immunity for Plaintiff's state law claims of malicious prosecution and defamation.

Upon the foregoing, Plaintiff's state law claims of malicious prosecution and defamation (Counts 2 and 3) are **DISMISSED**.

### D. Conclusion

Upon the foregoing, Defendants' motion to dismiss the complaint (doc. no. 4) is **GRANTED IN PART and DENIED IN PART** as follows. The motion is **GRANTED** in that the state law claims in Counts 2 and 3 and Plaintiff's federal claims in Counts 1 and 4

[1] Specifically, the GTCA provides: "The state shall have no liability for losses resulting from . . . (7) Assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, or interference with contractual rights." O.C.G.A. § 50-21-24(7).

against the GDOC and Defendants in their official capacities are dismissed. These claims may not be replead. Moreover, Count 4 is not a viable claim and therefore is dismissed in its entirety. The motion to dismiss is **DENIED** without prejudice as it relates to the § 1983 claim of malicious prosecution against the Defendants in their individual capacities. The Clerk is directed to **TERMINATE** Defendant Georgia Department of Corrections as a party defendant in the case.

**IT IS HEREBY ORDERED** that Plaintiff may file an "Amended Complaint" to comply with Federal Rule of Civil Procedure 8(a) by close of business on October 21, 2026. The Amended Complaint may only include a § 1983 claim of malicious prosecution against the individual Defendants in their individual capacities. All of Plaintiff's allegations must be submitted in one document, which will supersede and replace in their entirety any previous filings. Plaintiff must clearly identify each individual being sued. The body of the Amended Complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph. In order to satisfy the Iqbal/Twombly standard of plausibility, the Amended Complaint must include sufficient factual information such as the alleged act of misconduct, the date/location of the misconduct, the name(s) of each individual who participated in the misconduct, and how the misconduct led to a deprivation of Plaintiff's constitutional rights.

Also, while Plaintiff may attach exhibits to his Amended Complaint, he shall not incorporate them by reference as a means of providing the factual basis for his claims. For example, Plaintiff may not simply state, "see attached documents."

Failure to file an Amended Complaint in compliance with this Order may result in dismissal of the case without further notice.

As previously mentioned, the case docket does not contain proof of service for any Defendant, and Defendants have moved to dismiss for insufficient service of process. Plaintiff is responsible for serving Defendants in accordance with Federal Rule of Civil Procedure 4. The Clerk is directed to attach a copy of Rule 4 to this Order so that Plaintiff may determine the appropriate method of service for Defendants. Because the Court is already extending the time for service in this case, Plaintiff is hereby forewarned that he must serve Defendants within forty-five (45) days after the Amended Complaint is filed, and failure to do so may result in the dismissal of individual defendants or the entire case. Fed. R. Civ. P. 4(m).

**ORDER ENTERED** at Augusta, Georgia, this 1st day of ~~September~~ October, 2026.

UNITED STATES DISTRICT JUDGE